**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| TYRESE WILLIAMS,<br><br>　　　　　Petitioner,<br>　　v.<br>L. MARTINEZ,<br><br>　　　　　Respondent. | No. 2:23-cv-10557-MEMF-BFM<br><br>**ORDER TO SHOW CAUSE WHY HABEAS PETITION SHOULD NOT BE DISMISSED** |

**SUMMARY OF ORDER**

Petitioner Williams filed two habeas petitions in this Court. In his initial Petition, he argued that, as a youth offender, he should not have been sentenced to the high term, and that he should be resentenced in state court pursuant to Assembly Bill 124. That claim does not appear to be cognizable on federal habeas review—meaning, it is not the kind of claim for which the federal courts may grant habeas relief. Federal courts may only grant federal habeas relief if a prisoner is held in violation of the federal Constitution, a federal statute, or treaty. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). But Williams' claim appears to be a matter of state sentencing (and/or resentencing) law, and a court may not grant federal habeas corpus relief for errors of state law. *Wilson v. Corcoran*,

562 U.S. 1, 5 (2010). To the extent Williams has a cognizable claim in this Court, it does not appear that his claim is timely or that he exhausted that claim by presenting it to the state's highest court before filing this federal Petition.

Williams then filed a second Petition, which this Court construed as a request for leave to amend his first Petition. In the Amended Petition, Williams argues that the Court imposed a high-term sentence based on improper fact-finding, in violation of the Sixth Amendment. Because sentence was imposed in 2021, it appears that claim is untimely and, again, may not be exhausted if it was not presented to the California Supreme Court.

The Court therefore orders Williams to explain why his Petition should not be denied, and why his request for leave to amend his Petition should not be denied. Based on his response, the Court will recommend to the assigned District Judge what action to take. **If Williams fails to timely respond to this order, the Court will recommend that this action be dismissed without prejudice for failure to prosecute**.

## ORDER

**Petitioner** Williams is a California state prisoner currently housed in California Men's Colony. (ECF 1 at 2.) He pled nolo contendere to charges of burglary in the Los Angeles County Superior Court, and was sentenced on October 7, 2021, to nine years and four months in prison. He filed an initial Petition arguing that he should have been sentenced as a youth offender, and not given the high term, and that he should be resentenced under Assembly Bill 124. (ECF 1 at 3-4.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

1  Cases. It appears that the initial Petition is subject to dismissal under Rule 4
2  because it does not set forth a cognizable claim, because it may be untimely, and
3  because it is not clear that the claims it presents are exhausted. The Court will
4  discuss each of these in turn.

5      First, a federal court may only grant federal habeas relief upon a showing
6  that the petitioner is in custody in violation of the Constitution, laws, or treaties
7  of the United States. *McGuire*, 502 U.S. at 68. A court may not grant federal
8  habeas corpus relief for errors of solely state law. *Wilson v. Corcoran*, 562 U.S.
9  1, 5 (2010). Williams says his sentence was erroneous under state law, and that
10 he is entitled to resentencing under Assembly Bill 124/Senate Bill 567. Such
11 claims are not cognizable on federal habeas review—that is, they are not the
12 kind of claim as to which the federal court may grant habeas relief. Any error in
13 Williams' initial sentencing and any entitlement he may have to being
14 resentenced is a matter of state law, and federal habeas relief may not be
15 granted for errors of state law. *See Zaragoza v. Lamarque*, 145 F. App'x 572, 573
16 (9th Cir. 2005) (holding that whether a prior conviction was a serious felony
17 under California's Three Strikes law was "an issue of state law and as such is
18 generally not cognizable on federal habeas review"); *Malone v. Gastelo*, No. CV
19 21-04335 JLS (RAO), 2022 WL 14966301, at *5 (C.D. Cal. Aug. 30, 2022), *report*
20 *and recommendation adopted*, 2022 WL 15173364 (C.D. Cal. Oct. 25, 2022)
21 (finding that a state court's denial of resentencing under section 1172.6 does not
22 raise a cognizable issue on federal habeas review).

23     Second, to the extent that the claims relate to the initial sentence
24 imposed, it would appear they are untimely. The Antiterrorism and Effective
25 Death Penalty Act ("AEDPA") sets a one-year statute of limitations for the filing
26 of a federal habeas petition challenging a state conviction. 28 U.S.C. §
27 2244(d)(1). The statute of limitations runs from the latest of several triggering
28 dates—relevant here, "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, the Petition reflects that Williams was sentenced on October 7, 2021. (ECF 1 at 2.) Williams did not file a notice of appeal. (ECF 1 at 5.) His conviction thus became final when the time for seeking review of his conviction expired. Under Rule 8.308(a) of the California Rules of Court, a conviction must be appealed within sixty days of the entry of judgment. It would appear, then, that Williams' conviction became final on or about December 6, 2021, sixty days after he was sentenced. But Williams did not file in this Court within a year of that date; his initial Petition was filed December 15, 2023.[1]

Nor does it appear that Williams filed any state habeas petition during that year after the statute of limitations started to run such that Williams might be entitled to "tolling" (or pausing) the running of the statute of limitations. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). The Petition states that no state habeas petition was filed until August 2023, well after the federal statute of limitations had already run. (ECF 1 at 6.) *See also Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that once AEDPA's limitations period has run, state habeas petition cannot revive it). Thus, to the extent that Williams' claim is that there was error in the imposition of his sentence at the time it was imposed, the claim would appear to be untimely.

---

[1] The Court notes that Assembly Bill 124 was enacted on October 11, 2021—just a few days after Williams was sentenced—and the effective date for its revised sentencing provisions was January 1, 2022. Assuming, without deciding, that the one-year statute of limitations runs from January 1, 2022, rather than from sixty days after his sentencing date, this does not affect the Court's analysis and conclusions herein. His federal Petition was still untimely.

4

Third, a state prisoner must exhaust state court remedies before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must "give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California).

Here, the Petition does not reflect that Williams presented his claim for resentencing to the California Supreme Court. (ECF 1 at 6 (stating that Williams filed no direct appeal and that he presented habeas petitions only to the Superior Court).) As such, it appears his initial Petition is subject to dismissal for failure to exhaust.

Williams recently filed a second habeas Petition in this action. This Court construed that filing as a request for leave to amend his initial Petition. (ECF 8 (citing *Woods v. Carey*, 525 F.3d 886, 890 (9th Cir. 2008)).) Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend should be freely granted. At the same time, the Court need not grant leave to amend where the claims to be added are meritless. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

The sole claim in the proposed Amended Petition is that the sentencing judge imposed the high term, and in doing so, made factual findings in violation of the Sixth Amendment. That claim is clearly one that relates to the initial imposition of sentence, and as such, it would appear that claim is both untimely and unexhausted for the reasons explained above.

For these reasons, it appears that (1) the initial Petition should be denied under Rule 4, and (2) that leave to file the Amended Petition should be denied, because that claim is untimely.

Before the Court recommends dismissal of the action on these grounds, however, the Court will give Williams an opportunity to respond. Williams is therefore **ORDERED** to show cause—to explain in writing—why the Court (1) should not recommend dismissal of the initial Petition, and (2) should not recommend that leave to amend the Petition be denied. Williams shall file his response **no later than December 16, 2024**.

**Petitioner's failure to file a timely response as ordered may result in the Court recommending that his case be dismissed without prejudice for failure to present cognizable claims, and/or for failure to prosecute and to follow court orders**.

DATED: November 15, 2024

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

6