**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TYRESE WILLIAMS,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>L. MARTINEZ,<br><br>　　　　　　　Respondent. | Case No. 2:23-cv-10557-MEMF (BFM)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petitions, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

　　　　The Report recommends the denial of the Petition as amended, the denial of leave to add claims, and the dismissal of this action with prejudice. (ECF No. 31.) Petitioner's objections to the Report (ECF Nos. 34, 36, 38, 39, 42, 44) do not merit a change to the Report's proposed findings or recommendations.[1]

---

[1] In ECF No. 36, Petitioner requests an evidentiary hearing. Given the state of the record, the Court DENIES this request.

Petitioner objects that his upper-term sentence was based on facts not found by a jury or admitted, in violation of the Sixth Amendment. (ECF No. 34 at 1-8.) As the Report found, however, the trial court judge was not required to make factual findings to impose an upper term sentence, because "the choice of a low, middle, or upper-term sentence '[rest]ed within the sound discretion of the court.'" (ECF No. 31 at 5 (quoting Cal. Penal Code § 1170(b) (2021).) And as the Report further found, the sentencing scheme used when Petitioner was sentenced was not contrary to or an unreasonable application of clearly established federal law. (ECF No. 31 at 6 (citing *Creech v. Frauenheim*, 800 F.3d 1005, 1017 (9th Cir. 2015).)

Moreover, the record contradicts Petitioner's claim. According to the sentencing transcript, Petitioner agreed to the upper term of six years, for a count of residential burglary (Count 8), as part of his plea deal. (ECF No. 21 at 50, 52.) Because Petitioner agreed to the upper term, he does not have a colorable Sixth Amendment claim. *See Amezcue v. Almagar*, 2009 WL 1513427, at *5 (C.D. Cal. May 25, 2009) ("Because Petitioner agreed to the thirteen-year sentence, the trial court had no duty to make independent findings justifying its imposition of the upper term, but simply accepted the terms negotiated under the plea agreement."), *affirmed sub nom. Amezcue v. Ochoa*, 577 F. App'x 699, 700 (9th Cir. 2014).

Similarly, the arguments made by Petitioner with respect to the ineffective assistance of counsel claim in ECF Nos. 38, 39, 42, 44 do not convince this Court that this claim is not time barred, as found by the Magistrate Judge.

To the extent that the claim raised by Petitioner claim ECF No. 39 is a new claim, it is time-barred for the same reasons, and the Court declines leave to amend to add this claim. Moreover, the new claims are unsupported. *See Runningeagle v. Ryan,* 686 F.3d 758, 769 (9th Cir. 2012) (*Brady* claim requires more than mere speculation); *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (*en banc*) (freestanding claim of actual innocence, assuming it is cognizable, requires "affirmative proof of innocence").

**ORDER**

It is ordered that (1) the Report and Recommendation of the Magistrate Judge is approved and accepted; (2) leave to amend the Petition to include the claim alleged in the second federal Petition (ECF No. 7) is granted; (3) the Petition as amended is denied; (4) leave to amend to add claims raised for the first time in the objections (ECF Nos. 18, 39) and the third Petition (ECF No. 23) is denied; and (5) Judgment will be entered dismissing this action with prejudice.

DATED: August 25, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE